IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ELIZABETH REINAKER SLAYMAKER,** : | Civil No. 23-CV-773 |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | |
| **THE VISTA SCHOOL and VISTA AUTISM SERVICES.** : | |
| : | Judge Sylvia H. Rambo |
| **Defendants.** : | |

# MEMORANDUM

Before the court is a motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Vista Autism Services.[1] (Doc. 8.) For the reasons set forth below, the motion will be denied.

## I.   BACKGROUND[2]

Plaintiff Elizabeth R. Slaymaker is an experienced educator with a master's degree and multiple certifications in regular and special education. (Doc. 1 ¶ 14.) In July 2019, she began working as a special education teacher at The Vista School, a private school for children and young adults on the autism spectrum located in

---

[1] Although the complaint was filed against Vista Autism Services, the parties agree that this entity is properly titled "The Vista Foundation d/b/a Vista Autism Services." (Doc. 8 p. 1; Doc. 12-1 p. 5.) The court will nonetheless refer to this defendant as Vista Autism Services since Plaintiff has yet to file a motion to amend the caption of her complaint.

[2] These facts are taken from the complaint and accompanying exhibits and are considered true for purposes of evaluating this motion.

1

Hershey, Pennsylvania. (Doc 1. ¶¶ 8-9.) Vista Autism Services provides services to individuals with Autism Spectrum Disorder through its operation of The Vista School. (*Id.* ¶ 10.)

The Vista School assigned Plaintiff to a class of seven students between the ages of nine and twelve. (*Id.* ¶¶ 15-16.) On November 6, 2019, Plaintiff was assaulted by a student in her class and sustained a variety of injuries. (*Id.* ¶¶ 17-18.) Despite these injuries, she remained able to perform her job with accommodations, which included a work restriction that prohibited her from working with the student who assaulted her. (*Id.* ¶ 19.) Nonetheless, the student returned to Plaintiff's classroom just days later, causing Plaintiff distress, and remained in her class until he was admitted to in-patient treatment. (*Id.* ¶¶ 23-24.) Around this time, Plaintiff was reprimanded for missing work for attending appointments relating, in part, to her assault. (*Id.* ¶¶ 25-26.)

The student was released from in-patient treatment on March 8, 2020, and returned to Plaintiff's classroom for a half-day on March 12, 2020. (*Id.* ¶ 27.) On March 13, 2020, The Vista School shut down due to COVID-19 and remained closed through June 2020. (*Id.* ¶¶ 28, 30.) Plaintiff taught remotely during this time until July 31, 2020, when she gave birth and went on approved maternity leave until returning to in-person teaching on November 3, 2020. (*Id.* ¶¶ 30-32.) In January

2

2021, the student who assaulted her was again assigned to her classroom. (*Id.* ¶¶ 36-37.)

In April 2021, Plaintiff was diagnosed with post-traumatic stress disorder stemming from the assault and was approved for short term disability leave. (*Id.* ¶¶ 41-43.) Her physician thereafter extended her leave for twelve months after being advised that the student had been assigned to Plaintiff's classroom for another school year. (*Id.* ¶¶ 46-47.) However, on June 9, 2021, while just beginning her approved leave, Plaintiff received a letter terminating her employment. The letter carried the letterhead "Vista" and provided a website address of www.VistaAutismServices.org. (*Id.* ¶ 48; Doc. 1-5.)

Following her termination, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") against The Vista School on August 3, 2021. (Doc. 12-4 p. 2.) The charge listed the school's address as 1021 Springboard Dr., Hershey Pa, 17033. Plaintiff was subsequently issued a notice of her right to sue on February 15, 2023, and she initiated the instant action by filing a complaint on May 10, 2023. (*Id.* ¶ 7.) In her complaint, Plaintiff asserts three counts for violations of the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, *et seq.* (*id.* ¶¶ 65-67), the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* (*id.* ¶¶ 68-70), and common law wrongful discharge. (*id.* ¶¶ 71-82.) The Vista School answered the

complaint on August 30, 2023, (Doc. 6) and, the same day, Vista Autism Services filed a motion to dismiss the complaint for failure to state a claim. (Doc. 8.) The motion has been fully briefed and is ripe for review.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "When reviewing a 12(b)(6) motion, we 'accept as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them.'" *Estate of Ginzburg by Ermey v. Electrolux Home Prods., Inc.*, 783 F. App'x 159, 162 (3d Cir. 2019) (quoting *Taksir v. Vanguard Grp.*, 903 F.3d 95, 96–97 (3d Cir. 2018)). The facts alleged must be "construed in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010) (internal quotations, brackets, and ellipses omitted). But "[t]he court is not required to draw unreasonable inferences" from the facts. 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004).

The Third Circuit has detailed a three-step process to determine whether a complaint meets the pleading standard. *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2014). First, the court outlines the elements a plaintiff must plead to state a claim for

relief. *Id.* at 365. Second, the court must "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." *Id.* Third, the court "look[s] for well-pled factual allegations, assume[s] their veracity, and then 'determine[s] whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.  DISCUSSION

Vista Autism Services contests its inclusion in this suit for two reasons. First, it argues the complaint fails to plead facts suggesting it was Plaintiff's joint employer along with The Vista School and, second, that Plaintiff failed to exhaust the administrative requirements involving the filing of a charge. (Doc. 11.) The court addresses both arguments in turn.

A. Plaintiff plausibly alleges a joint employment relationship.

The relevant test for determining whether an entity constitutes a joint employer under the ADA or PHRA was established in *In re Enterprise Rent-A-Car Wage & Hour Employment Practices Litigation*, 683 F. 3d 462, 469 (3d Cir. 2012).[3]

---

[3] Although *Enterprise* dealt with the issue in the Fair Labor Standards Act context, courts within this circuit have applied the same test to ADA and PHRA claims. *See, e.g.*, *Eisenhuth v. ACPI Wood Products*, 2021 WL 3545079, No. 4:20-CV-02362, at *3 (M.D. Pa. Aug. 11, 2021) ("The relevant test for determining whether an entity constitutes a joint employer under these statutes was articulated in *In re Enterprise*."); *Kenney v. Extra Mile Educ. Found., Inc.*, No. 22CV-1864, 2023 WL 8701085, at *1 (W.D. Pa. Dec. 15, 2023) (applying the *Enterprise* factors to determine the existence of joint employment relationship in the ADA and PHRA context).

5

The test asks whether the alleged employer has "(1) authority to hire and fire employees; (2) authority to promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours; (3) day-to-day supervision, including employee discipline; and (4) control of employee records, including payroll, insurance, taxes, and the like." *Enterprise*, 683 F.3d 469. The Third Circuit has cautioned that "this list is not exhaustive and cannot be blindly applied as the sole considerations necessary to determine joint employment. If a court concludes that other indicia of significant control are present to suggest that a given employer was a joint employer of an employee, that determination may be persuasive, when incorporated with the individual factors we have set forth." *Id.* at 470-71 (internal quotation marks and citations omitted).

Drawing all inferences in Plaintiff's favor, as the court is required to do at this stage, Plaintiff's complaint alleges facts that are sufficient to establish a joint employment relationship. Not only does the complaint refer to The Vista School and Vista Autism Services interchangeably, it appears that the two entities did little to distinguish themselves. The complaint and supporting documents make clear they were jointly responsible for hiring, supervising, maintaining records, and terminating employees. And the June 2021 letter terminating Plaintiff's employment

from The Vista School, attached as an exhibit to the complaint,[4] utilized the letterhead "Vista," listed the same physical address as The Vista School's, provided the website www.VistaAutismServices.org, and instructed Plaintiff to direct any questions regarding her healthcare coverage to benefits@vistaautismservices.org address. (Doc. 1-5 p. 2.) Thus, in considering the *Enterprise* factors, it is apparent that Vista Autism Services was Plaintiff's joint employer with The Vista School.

B. <u>Plaintiff's failure to name Vista Autism Service in the EEOC and PHRC charge is excusable</u>.

Normally, a discrimination action such as this may be brought only against a party previously named in an EEOC charge. The purpose of this requirement is "to give notice to the charged party and provide an avenue for voluntary compliance without resort[ing] to litigation." *Glus v. G.C. Murphy Co.,* 562 F.2d 880, 888 (3d Cir.1987) (citations omitted). Nonetheless, the court may excuse an omission "when the unnamed party received notice and when there is a shared commonality of interest with the named party." *Schafer v. Bd. of Public Educ. of the School Dist. Of Pittsburgh, Pa.*, 903 F.2d 243, 252 (3d Cir. 1990). Construing Plaintiff's complaint

---

[4] The court is permitted to consider documents attached to the complaint in considering a motion to dismiss. *Kendall v. Lancaster Expl. & Dev. Co., LLC*, 323 F. Supp. 3d 664, 671 n. 20 (M.D. Pa. 2018); *Burbach v. Arconic Corp.*, 561 F. Supp. 3d 508, 516 (W.D. Pa. 2021) ("[A] court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents integral to or explicitly relied on in the complaint, even if they are not attached thereto, without converting the motion into one for summary judgment.").

liberally, Plaintiff has met the latter element based on the complaint's averments establishing a joint employment relationship between The Vista School and Vista Autism Services. Since they are joint employers, who share a common interest in the operation of The Vista School, it logically follows that there is a shared commonality of interest between the two entities. *See, Lowenstein v. Cath. Health E.*, 820 F. Supp. 2d 639, 646 (E.D. Pa. 2011) (Excusing individual defendant's omission from the underlying EEOC charge because the omitted individual "shared a common interest in defending against plaintiff's allegations.").

Plaintiff has additionally satisfied the relevant administrative requirements related to notice. "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c). Plaintiff avers that she "complied with all conditions precedent to the filing of this complaint" and "exhausted her state and federal administrative record." (Doc. 1 ¶ 7.) Whether Vista Autism Services received notice of the EEOC charge is a factual question. *Lowenstein* 820 F. Supp. 2d 646. However, considering Plaintiff's averments and that the two entities share a common address and commonality of interests, the court can presume that Vista Autism Services was on notice of the suit through its relation, if nothing else, with the Vista School. While later discovery may call *Schafer's* notice prong into question, at this stage Plaintiff has properly alleged

the relevant administrative prerequisites to suit. As such, the court will excuse Vista Autism Service's omission from the EEOC charge.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, the motion to dismiss will be denied. An appropriate order shall follow.

<u>/s/Sylvia H. Rambo</u>
SYLVIA H. RAMBO
United States District Judge

Dated: March 28th, 2024